## FRATERNAL ORDER OF POLICE HAAS MEMORIAL LODGE NO. 7, Appellant,

v.

## CITY OF ERIE.

Commonwealth Court of Pennsylvania.

Argued Aug. 22, 1995.

Decided Dec. 4, 1995.

**242** ■ 

Charles D. Agresti, for appellant.

Mark J. Kuhar, for appellee.

Before DOYLE, PELLEGRINI and FRIEDMAN, JJ.

DOYLE, Judge.

The Fraternal Order of Police, Lodge 7 (FOP) appeals an order of the Court of Common Pleas of Erie County which affirmed an Act 111 [1] grievance arbitration award excluding holiday pay from benefits due to Detective Sergeant William Turner, Jr., under the Heart and Lung Act.[2]

Turner was employed by the City of Erie Bureau of Police (Bureau) for twenty seven years when he suffered a back injury while on duty on January 28, 1992. Thereafter, he worked sporadically until he went on "injured on duty" (IOD) status in February, 1993. During the period of IOD, Turner received benefits under the Heart and Lung Act which requires municipalities to pay police officers their "full rate of salary" if the officer is temporarily disabled by an injury sustained while on duty. Turner's Heart and Lung Act benefits consisted of his base salary with additions for longevity and adjustments for night shift differentials. Further, he accrued vacation days, sick leave days and personal days during the IOD period as per the Collective Bargaining Agreement (Agreement) between the parties. Turner, however, was not paid for ten holidays which occurred during this period.

Thereafter, the FOP filed a grievance on Turner's behalf, arguing that police officers injured on duty are entitled to pay for holidays occurring during their IOD periods. As found by the arbitrator, Art. V. the Agreement provides:

HOLIDAYS

.A.   The following days will be considered as paid holidays for each officer.
1.   New Year's Day
2.   *[Martin Luther] King's Birthday*
3.   Good Friday
4.   Easter
5.   Memorial Day
6.   Independence Day
7.   Labor Day
8.   Thanksgiving Day
9.   Christmas Day
10.   Presidents Day

B.   Such compensation shall be in addition to, and not in lieu of any other compensation provided under the terms of this agreement.

C.   In accordance with the above, any officer who *actually works* four (4) days in a

---

1.   Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1–217.10.

2.   Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–38.

holiday week will receive his normal salary for that week and any officer who *actually works* five (5) days in a holiday week will receive one (1) additional day's pay in addition to his normal salary for such week. (Emphasis added.)

(Arbitrator's Opinion and Award at 4; Reproduced Record (R.R.) at 7A.)

The grievance was ultimately heard by an arbitrator who found that an officer on IOD status does not "actually work" either of the schedules set forth in Section C and, therefore, holiday pay should not be included in such officer's "full rate of salary" under the Heart and Lung Act.

Thereafter, FOP filed a petition with the Court of Common Pleas of Erie County which affirmed the arbitrator's decision denying the grievance. This appeal followed.

■ We must review this Act 111 grievance arbitration under the narrow certiorari scope of review. *Pennsylvania State Police v. Pennsylvania State Troopers' Association (Betancourt),* 540 Pa. 66, 656 A.2d 83 (1995). The narrow certiorari scope of review limits this Court to reviewing questions concerning: (1) the jurisdiction of the arbitrator; (2) the regularity of the proceedings; (3) an excess of the arbitrator's powers; and (4) deprivation of constitutional rights.[3] *Id.*

In the instant case, the FOP argues that the arbitrator exceeded his authority by "adding to" Art. V of the Agreement. Specifically, FOP contends that the arbitrator "added" IOD officers to the class of officers who don't "actually work[ ]" five days in a holiday week" and, therefore, are not entitled to holiday pay under Art. V of the Agreement. (Arbitrator's Opinion and Award at 9; R.R. at 10A.) FOP argues that because Art. V was drafted only to exclude officers who *voluntarily* choose not to work five days in a holiday week from the class of officers collecting holiday pay, the arbitrator should have construed the phrase "actually works" in Art. V as including both officers who physically work on holidays as well as IOD offi-

cers. Thus, FOP contends, the arbitration award was unreasonable and unfair.

■ The scope of an arbitrator's power is limited to conflicts over legitimate terms and conditions of employment. *Appeal of Upper Providence Police Delaware County,* 514 Pa. 501, 526 A.2d 315 (1987). Further, an arbitrator may not decide matters not submitted to him by the parties, *Marple Township v. Delaware County, F.O.P. Lodge 27,* 660 A.2d 211 (Pa.Cmwlth.1995), and an arbitration award may not require a public employer to perform an act that the employer is prohibited by law from performing. *Appeal of Upper Providence Police.*

Although FOP's argument is couched in terms of "excess of arbitration powers," its argument is, in reality, no more than an assertion that the arbitrator erred in construing the phrase "actually works" in the Agreement, thereby rendering an unreasonable decision. However, as we have already stated, we a⎽ precluded from reviewing the reasonableness of an Act 111 arbitration award. While a review of an arbitrator's interpretation of a bargaining agreement would have been proper under the "essence test," the Supreme Court has specifically confirmed that the "essence test" may not be applied in these cases. *Betancourt.* Accordingly, FOP's argument is unpersuasive.

■ Furthermore, our review of the record shows that the arbitrator did not exceed his authority. First, the instant arbitration award concerned only the terms and conditions of employment as it determined the "full rate of salary" due an IOD officer. The award did not "add" IOD officers to Art. V of the Agreement, as contended by FOP, but rather interpreted the contractual phrase "actually works" as referring only to officers physically working on a holiday. Second, the arbitrator properly confined his inquiry to the issue presented: whether holiday pay should have been included in the "full rate of salary" due to Turner under the Heart and Lung Act. And, in doing so, the arbitrator correctly focused on the Agreement to make

---

**3.** In *Betancourt,* our Supreme Court affirmed that our scope of review in Act 111 grievance arbitrations is narrow certiorari and not the "essence test" under which a reviewing court may vacate an arbitration award if the court finds that the award represents an unreasonable interpretation of the collective bargaining agreement.

this determination, interpreting the holiday pay provision according to traditional contract construction principles.[4] Third, there is no evidence of record that excluding holiday pay from benefits paid to IOD officers under the circumstances of this case is prohibited by law. Accordingly, we conclude that the arbitrator did not exceed his powers.

Order affirmed.

## ORDER

NOW, December 4, 1995, the order of the Court of Common Pleas of Erie County in the above-captioned matter is hereby affirmed.

---

**4.** The Heart and Lung Act does not define "full rate of salary." This Court has held that this phrase is determined as a matter of contractual interpretation. *Coyne v. County of Allegheny,* 129 Pa.Cmwlth. 554, 566 A.2d 378 (1989), *petition for allowance of appeal denied,* 525 Pa. 649, 581 A.2d 574 (1990).