### ORDER

### TOWN OF McCANDLESS

v.

### McCANDLESS POLICE OFFICERS ASSOCIATION, and Ellen Allias, Trustee Ad Litem, Appellants.

Commonwealth Court of Pennsylvania.

Argued May 13, 1996.

Decided June 10, 1996.

---

lants) appeal from an order of the Court of Common Pleas of Allegheny County (trial court) which vacated a grievance arbitrator's award sustaining Appellants' grievance and suspended all Appellants' contributions to the Police Pension Fund (Fund). We reverse.

The Town of McCandless (Appellee) maintains a pension plan for its police employees as well as a separate pension plan for other unionized and certain non-unionized employees. The Commonwealth of Pennsylvania provides Appellee subsidies for both aforementioned pension plans pursuant to the Municipal Pension Plan Funding Standard and Recovery Act.[1] Prior to 1991, the subsidies provided by the Commonwealth of Pennsylvania to Appellee were sufficient to fully fund both the Police and the non-Police Pension Plans. As a result, Appellants did not need to make any contribution to its pension plan.

In 1989, Appellants and Appellee met with Interest Arbitrator,[2] Ronald F. Talarico, who was selected to write the new collective bargaining agreement for the parties. Included was Article XX(a) of the Interest Arbitration Award, issued in November of 1989, which outlines pension costs and benefits and states in pertinent part:

(a) Effective January 1, 1989, and from year to year thereafter, contributions by bargaining unit employees into the Police Pension Fund are suspended subject to an annual report as to the actuarial soundness of the Pension Plan.

\* \* \* \* \* \*

(c) The Pension Plan shall be amended to provide for a zero Social Security offset subject to an annual report as to the actuarial soundness of the Pension Plan.

(d) The Restatement of the Town of McCandless Police Plan officially issued by Arbitrator Ronald F. Talarico on November 8, 1989 and officially published on No-

Sean T. Welby, for Appellants.

Thomas H.M. Hough, for Appellee.

Before McGINLEY and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

McCandless Police Officers Association and Ellen Allias, Trustee Ad Litem (Appel-

---

1. Act of December 18, 1984, P.L. 1005, *as amended*, §§ 101–803, 53 P.S. §§ 895.101–895.803.

2. Grievance or "contract interpretation" arbitration concerns an arbitrator who reaches a conclusion as to the proper interpretation of an existing collective bargaining agreement between

a public employer and a public employee. Interest arbitration concerns an arbitrator who resolves an impasse that exists between a public employer and a public employee and awards a new collective bargaining agreement. *Township of Moon v. Police Officers of Township of Moon*, 508 Pa. 495, 498 A.2d 1305 (1985).

vember 28, 1989 is made effective as of January 1, 1989.

\*　　\*　　\*　　\*　　\*　　\*

(61a.)

In 1991, Appellee informed Appellants of the need to contribute to the Police Pension Plans because of insufficient funds.[3] Because of a change in town policy, Appellee, by resolution, used the Commonwealth subsidies to first fund Appellee's other non-police pension plan. As a result, insufficient funds remained to fully fund the Police Pension Plan, thus necessitating Appellants' contributions to the plan. Appellants filed a grievance alleging a violation of the collective bargaining agreement because Appellee required Appellants to contribute to the Police Pension Fund.

Grievance Arbitrator Beilstein denied Appellants' grievance and required Appellants to make a 4.25% contribution to the Police Pension Fund for the year 1991. Arbitrator Beilstein found that: (1) Appellee had satisfactorily satisfied the condition established in the collective bargaining agreement requiring an annual report as to the actuarial soundness of the pension plan; (2) that the annual report indeed proved that the actuarial soundness of the plan had been met by Appellee; and (3) that the grievance should be denied.

Thereafter, Appellee and Appellants renegotiated their collective bargaining agreement twice, the first beginning January 1, 1992 through December 31, 1993 and the second effective January 1, 1994 through December 31, 1996. Article XX(a) concerning pension costs and benefits of the collective bargaining agreement was not changed by the parties in either of these two successive collective bargaining agreements. Additionally, Appellants continued to make contributions to the Police Pension Fund in 1991, 1992 and 1993.

On January 27, 1994, Appellants filed a grievance claiming that contributions to the Police Pension Plan were unnecessary because of Appellee's actuarial gain in 1993.

Appellee disagreed and the case proceeded before Grievance Arbitrator Elliott Newman.

On October 4, 1994, Arbitrator Newman sustained Appellants' grievance and suspended all police officer contributions to the Police Pension Fund and ordered that all monies deducted pursuant to the Pension Plan for 1994 be returned. Arbitrator Newman found that the collective bargaining agreement contained clear and unambiguous language and that the full amount of the Commonwealth's contribution be applied to the Police Pension Fund before the total financial requirement can be reduced by an employee contribution. As a result, Arbitrator Newman found a fund surplus and suspended Appellants' contribution for 1994.

The trial court reversed and found that Arbitrator Newman acted beyond the scope of his authority in issuing his award to Appellants. The trial court reasoned that since the parties made no change to the collective bargaining agreement concerning police contributions, Arbitrator Newman acted beyond the scope of his authority in suspending Appellants' contributions to the Police Pension Fund. The trial court explained that a grievance arbitrator's role is to merely interpret the contract as written, and Arbitrator Newman exceeded his authority by attempting to invalidate a part of the collective bargaining agreement by suspending Appellants' contributions.

■ On appeal before this Court, Appellants argue that the trial court exceeded its scope of review in vacating Arbitrator Newman's award.

In *Pennsylvania State Police v. Pennsylvania State Troopers Association (Betancourt)*, 540 Pa. 66, 656 A.2d 83 (1995), the Pennsylvania Supreme Court held that the proper scope of review in reviewing an Act 111 grievance arbitration award is "narrow certiorari." Under this scope of review a reviewing court is limited to questions concerning (1) the jurisdiction of the arbitrators; (2) the regularity of the proceeding; (3) an

---

**3.** Article IV of the Police Pension Plan mandates a participant contribution rate at 4.25% of a participant's monthly compensation up to the amount of the social security taxable wage base for the year.

excess of the arbitrator's authority; and (4) deprivation of constitutional rights.

The trial court found that Arbitrator Newman "exceeded his authority" in suspending the police pension contribution of 4.25% as the payment of this contribution had already been written into the collective bargaining agreement and could not be changed or overruled by a grievance arbitrator.

■ Appellants argue that the trial court failed to properly adhere to the "narrow certiorari" scope of review mandated by the Supreme Court in *Betancourt.* Specifically, Appellants argue that the trial court vacated the award contending that the grievance arbitrator "exceeded his authority." However, Appellants argue, whether a grievance arbitrator overrules a prior arbitration award involves an error of law and not, as the trial court held, whether the arbitrator exceeded his or her authority. We agree.

The Supreme Court in *Betancourt* defined an arbitrator's authority as being limited and further that he or she may not mandate that an illegal act be carried out. Further, the Supreme Court stated that a grievance arbitrator would be within his or her power to only require a public employer to do that which the employer could do voluntarily.[4]

■ Therefore, in order for a grievance arbitrator to "exceed his authority" he or she would either mandate an illegal act or grant an award which addresses issues outside of the realm of the collective bargaining agreement or extend beyond the terms and conditions of the employment.

Arbitrator Newman's award does not contain an illegal act. Arbitrator Newman simply found that the contributions made by the police officers to the Police Pension Fund were not necessary under the terms of the collective bargaining agreement. Clearly, this award does not mandate an illegal act nor did it address issues outside the realm of the collective bargaining agreement.

It is clear that the trial court has confused the exact definition and application of the "exceeding authority" prong of the narrow certiorari scope of review. Even if Arbitrator Newman's award was as an error of law,[5] that alone will not warrant reversal under the narrow certiorari scope of review. *Betancourt,* 540 Pa. at 79–80, 656 A.2d at 90. As a result, we hold that Arbitrator Newman's award withstands scrutiny when subjected to the "narrow certiorari" scope of review.

Accordingly, the decision of the trial court is reversed and Arbitrator Newman's October 4, 1994 award is hereby reinstated.

### ORDER

AND NOW, this 10th day of June, 1996, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed and Arbitrator Newman's October 4, 1994 award is hereby reinstated.

---

4. *See also Appeal of Upper Providence,* 514 Pa. 501, 526 A.2d 315 (1987) and *Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969).

5. We will not address the issue of whether Arbitrator Newman committed an error of law as this issue is non-determinative to the outcome of this case.