**CITY OF PHILADELPHIA, Appellant,**

v.

**CITY OF PHILADELPHIA, FRA-
TERNAL ORDER OF POLICE,
LODGE NO. 5. (Two Cases).**

Commonwealth Court of Pennsylvania.

Argued May 4, 1998.

Decided Aug. 31, 1998.

**9.** *See Pennsylvania State Police v. Pennsylvania State Troopers' Association (Betancourt),* 540 Pa. 66, 656 A.2d 83 (1995).

Karen Elizabeth Rompala, Philadelphia, for appellant.

Richard C. McNeill, Jr., Philadelphia, for appellee.

Before McGINLEY and SMITH, JJ., and McCLOSKEY, Senior Judge.

SMITH, Judge.

The City of Philadelphia (City) appeals from two orders of the Court of Common Pleas of Philadelphia County (trial court). The trial court order dated July 22, 1997 denied the City's petition to vacate the grievance arbitration award issued on May 14, 1997, granted the petition to confirm that award filed by the Fraternal Order of Police, Lodge No. 5 (FOP) and ordered the City to pay reasonable attorney fees and costs incurred by the FOP in defending against the City's petition to vacate and in filing its petition to confirm. The FOP was given 14 days to file its fee petition. On September 9, 1997, the trial court issued an order upon FOP's fee petition requiring the City to pay $962. The City questions whether the trial court erred in refusing to vacate the award because the arbitrator's assessment of arbitration costs against it constituted an excess of the arbitrator's authority; whether the arbitrator exceeded her jurisdiction; and whether the trial court erred in granting the FOP's fee petition.

The arbitrator determined that the City violated the parties' collective bargaining agreement (Agreement), which was negotiated pursuant to the Act of June 24, 1968 (Act 111), P.L. 237, as amended, 43 P.S. §§ 217.1–217.10, when it transferred Lieutenant Frank Powell, a City police employee represented by the FOP, without first notifying him as required under the notice provision at Article XX, Section L of the Agreement. The provision states in part that "[t]ransfers shall not be made on the basis of personal animus. All transfers shall be personally communicated by the transferred employee's commanding officer of the unit from which the employ-

ee was transferred." The arbitrator directed the City to comply prospectively with the notice provision and assessed the entire cost of the arbitration proceedings against the City for $2496. In the trial court the City did not challenge the arbitrator's determination that it violated the Agreement or the arbitrator's direction to the City to comply prospectively with the Agreement's notice provision. Rather, the City appealed the portion of the award that assessed the arbitration costs against it.

The trial court found that the parties had stipulated to submit two questions to the arbitrator: Did the City violate the contract when it transferred the grievant? If so, what shall the remedy be? The trial court determined that the arbitrator limited her inquiry to whether there was a violation of the Agreement, and after deciding in the affirmative, she answered the next question and held that the arbitration costs were part of the remedy for the City's violation of the Agreement. The trial court concluded that the arbitrator did not exceed her authority or jurisdiction in assessing the arbitration costs against the City. The trial court thereafter granted the FOP's fee petition in the amount of $962 because the City should not have initiated the petition to vacate after it had stipulated that the arbitrator may determine the appropriate remedy.

■ The City argues that the trial court erred in determining that the arbitrator acted within her authority in assessing the arbitration costs against the City. In reviewing an Act 111 grievance arbitration award, a court's inquiry is in the nature of narrow certiorari and is thus very limited. *Pennsylvania State Police v. Pennsylvania State Troopers' Association (Betancourt)*, 540 Pa. 66, 656 A.2d 83 (1995). The dispute here turns in part on whether the trial court erred in determining that the arbitrator did not exceed her authority or jurisdiction when she assessed the arbitration costs against the City. Under the narrow certiorari standard, an arbitrator acts in excess of his or her authority when the arbitrator mandates that an illegal act be carried out. *Appeal of Upper Providence Police Delaware County,*

514 Pa. 501, 526 A.2d 315 (1987); *see also City of Washington v. Police Department of Washington,* 436 Pa. 168, 259 A.2d 437 (1969). In addition, this Court has held that arbitrators exceed their jurisdiction when they address questions not submitted to them by the parties. *Marple Township v. Delaware County F.O.P. Lodge 27,* 660 A.2d 211 (Pa.Cmwlth.1995).

The City does not argue that the arbitrator has mandated it to perform an illegal act. It argues instead that the question of whether arbitration costs should be assessed against the City was not submitted to the arbitrator and that it is not encompassed within the question of what should be the remedy. The City asserts that the assessment of arbitration costs does not remedy the contractual violation found but instead punishes the City for noncompliance with the Agreement. The City also maintains that the arbitrator's remedial relief was limited to the directive that the City comply prospectively with the notice provision and that the arbitrator expressly declined to award additional relief requested by the FOP because the arbitrator found that such relief would be appropriate only where claims of pretext or personal animus were sustained. The Court agrees.

■ The fact that the Agreement separately addresses the payment of arbitration costs by the parties in the grievance procedure at Article XIX, Section G, supports the City's argument. That provision states: "The costs and fees of arbitration shall be shared equally by the City and the FOP." The Agreement also contains a provision at Article XIX, Section H, that expressly provides: "The arbitrator selected shall have no authority to add to, subtract from, or in any way alter the terms of this contract, Act 111 arbitration awards or the scale of wages set forth therein." These contract provisions lend further support to the Court's conclusion that the parties did not confer jurisdiction on the arbitrator to assess the arbitration costs against the City.

■ The City next argues that the trial court erred in ordering the City to pay the attorney's fees incurred by the FOP in its defense against the City's petition to vacate the award and in bringing the petition to confirm. The Supreme Court and this Court have held that appellate review of a common pleas court's award of attorney fees is limited solely to determining whether the trial court abused its discretion in making the award. *Thunberg v. Strause,* 545 Pa. 607, 682 A.2d 295 (1996); *see also West v. Hampton Township Sanitary Authority,* 661 A.2d 459 (Pa. Cmwlth.1995). An award of attorney fees is inappropriate absent findings of fact by the trial court that the conduct in question is in violation of Section 2503 of the Judicial Code, 42 Pa.C.S. § 2503. *Township of South Strabane v. Piecknick,* 546 Pa. 551, 686 A.2d 1297 (1996); *see also Newbrey v. Township of Upper St. Clair,* 710 A.2d 96 (Pa.Cmwlth. 1998).

■ Under Section 2503(9) of the Judicial Code, 42 Pa.C.S. § 2503(9), any participant is entitled to an award of reasonable attorney fees when the conduct of a party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith. The trial court reasoned that because the City stipulated to the question concerning the remedy before the arbitrator, the City should have refrained from initiating the petition to vacate the award. However, because this Court has determined that the questions submitted to the arbitrator did not encompass the issue of the payment of arbitration costs and that the issue was not placed before the arbitrator, the City's appeal of this order was not arbitrary, vexatious or in bad faith. Therefore, the trial court abused its discretion in ordering the City to pay the FOP's attorney's fees. *Township of South Strabane.*

Accordingly, the trial court's order of July 22, 1997 is hereby reversed to the extent that it confirmed that part of the arbitrator's award requiring the City to pay all arbitration costs in this matter and to the extent that the court required the City to pay reasonable attorney fees and costs incurred by the FOP in defending the City's petition to vacate and in bringing its petition to confirm. The City and the FOP must share the costs of the grievance arbitration proceeding equally, pursuant to Article XIX, Section G,

of their Agreement. The July 1997 order is affirmed in all other respects. The trial court's September 9, 1997 order, which merely assessed the amount of attorney fees and costs, is vacated as it is null and void.

### ORDER

AND NOW, this 31st day of August, 1998, the order of the Court of Common Pleas of Philadelphia County dated July 22, 1997 is reversed in part and affirmed in part consistent with the foregoing opinion. The order dated September 9, 1997 is vacated.