**TOWNSHIP OF RIDLEY**

v.

**FRATERNAL ORDER OF POLICE LODGE NO. 27, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 7, 1998.

Decided Sept. 3, 1998.

---

Gary M. Lightman, Harrisburg, for appellant.

Timothy P. O'Reilly, Philadelphia, for appellee.

Before DOYLE and SMITH, JJ., and LORD, Senior Judge.

SMITH, Judge.

The Fraternal Order of Police Lodge # 27 (FOP) appeals from the order of the Court of Common Pleas of Delaware County that vacated the arbitrator's award requiring the Township of Ridley (Township) to pay Officer Scott Willoughby night differential pay as part of his full rate of salary while he was out of work during a period of temporary disability. The award was entered pursuant to the statute commonly referred to as Act 111, the Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1 – 217.10. FOP contends that the

trial court acted beyond its scope of review in deciding that the arbitrator exceeded his power by interpreting the governing Collective Bargaining Agreement "Agreement" as including night differential pay in calculating the full rate of salary for an officer who was regularly scheduled to work during night shifts.

Officer Willoughby was injured on May 8, 1995 while on duty as a police officer for the Township. While on injured-on-duty status he received his regular daily rate of pay, but before his injury he regularly received night differential pay as well. Under Section 3 of the Agreement a 10 percent night differential increment shall be added to the wages of all officers "while working" the 3 p.m. to 11 p.m. shift, 4 p.m. to midnight shift, 11 p.m. to 7 a.m. shift and the midnight to 8 a.m. shift. Officer Willoughby filed a grievance claiming that the Township violated the Agreement by failing to pay him night differential pay as part of the "full rate of salary" due to him under Section 1 of the Act commonly referred to as the Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. § 637. Under that section, any police officer who is injured in the performance of his or her duties and by reason thereof is temporarily incapacitated from performing his or her duties shall be paid the full rate of salary, as fixed by ordinance or resolution, until the disability has ceased.

At Level IV of the grievance procedure,[1] an arbitrator was selected to decide the matter. The question presented by the parties was whether Officer Willoughby was entitled to night differential pay as part of his full rate of salary under the Heart and Lung Act. The arbitrator determined that "while an officer is injured on-duty under requirements of the Heart and Lung Act, the Township must pay the officer for holidays, personal days and night differential (if the officer is scheduled for an applicable shift)." Arbitrator's decision, p. 11. The arbitrator found that Officer Willoughby was regularly scheduled to work certain night shifts during the year and that he was scheduled to work night

[1]. The first three levels of the grievance procedure involve appeals to superior officers, the chief of police and a three-member police com-

mittee. The Agreement states in Section 34B.4. that the arbitrator's decision shall be final and binding on both parties.

shifts before and while he was on injured-on-duty status. The arbitrator therefore concluded that night differential pay is "fixed compensation regularly paid" and constitutes salary, making night differential pay a part of Officer Willoughby's full rate of salary under the Heart and Lung Act.

The Township appealed to the trial court, arguing that the officer was not entitled to night differential pay under the Agreement. The trial court noted that it was constrained by a narrow certiorari scope of review mandated by the Pennsylvania Supreme Court in *Pennsylvania State Police v. Pennsylvania State Troopers' Ass'n (Betancourt)*, 540 Pa. 66, 656 A.2d 83 (1995). Nevertheless, the trial court found that the arbitrator incorrectly determined that the words "while working" in Section 3 of the Agreement defined the shift for which the night differential would be paid and that it is not a requirement that the officer actually worked the shift. The trial court held that the arbitrator exceeded his power because he supplied provisions which did not exist in the contract. The court found that the Agreement required officers to work in order to receive night differential pay and that the arbitrator may not grant the differential if the officer has not worked the night shift. Citing *Midland Borough School Dist. v. Midland Education Ass'n*, 532 Pa. 530, 616 A.2d 633 (1992), the trial court noted that an arbitrator cannot add to or ignore material provisions of an agreement that were the result of collective bargaining.

The trial court also relied on *Borough of Beaver v. Liston*, 76 Pa.Cmwlth. 619, 464 A.2d 679 (Pa.Cmwlth.1983), and *Schmidt v. Borough of Stroudsburg*, 670 A.2d 208 (Pa. Cmwlth.1996), *aff'd per curiam*, 547 Pa. 159, 689 A.2d 223 (1997), where this Court defined "salary" as a fixed amount of compensation periodically paid without regard to the hours actually worked and stated that overtime pay does not constitute salary and could not be considered when calculating Heart and Lung Act benefits. So too, the trial court reasoned, night differential pay is not a part of Officer Willoughby's full rate of salary. Accordingly, the trial court vacated the arbitration award. This appeal followed.

■ As noted by the trial court, the Pennsylvania Supreme Court has held that an appellate court's scope of review of an arbitrator's decision in an Act 111 grievance procedure is narrow certiorari. *Betancourt.* Accordingly, a court may only consider questions regarding: (1) the jurisdiction of the arbitrator; (2) the regularity of the proceedings; (3) an excess of the arbitrator's powers; and (4) a deprivation of constitutional rights. *City of Philadelphia v. Fraternal Order of Police Lodge No. 5*, 677 A.2d 1319 (Pa. Cmwlth.), *appeal withdrawn*, 545 Pa. 681, 682 A.2d 312 (1996). For a grievance arbitrator to exceed his or her authority, the arbitrator would have to either mandate an illegal act or grant an award that addresses issues beyond the scope of the collective bargaining agreement or that extends beyond the terms and conditions of the employment. *Town of McCandless v. McCandless Police Officers Ass'n*, 677 A.2d 879 (Pa.Cmwlth. 1996), *appeal denied*, 547 Pa. 760, 692 A.2d 568 (1997).

■ In adopting this extremely limited scope of review, the Supreme Court rejected the "essence test," under which an appellate court may question an arbitrator's interpretation of the collective bargaining agreement and may reverse an arbitration award on the basis that it is manifestly unreasonable. *Betancourt.* Neither this Court nor the trial court, therefore, may question the reasonableness of an arbitrator's interpretation of a collective bargaining agreement. *Fraternal Order of Police Haas Memorial Lodge No. 7 v. City of Erie*, 668 A.2d 241 (Pa.Cmwlth. 1995). This interpretation of the law is consistent with the principle that an error of law, standing alone, will not warrant reversal under the narrow certiorari scope of review. *See City of Philadelphia.* Courts of this Commonwealth have long held that an issue of contractual interpretation presents a question of law. *E.g., Grant v. Southwestern Pennsylvania Water Authority*, 144 Pa. Cmwlth. 638, 601 A.2d 1359 (Pa.Cmwlth. 1991), *appeal denied*, 531 Pa. 662, 613 A.2d 1210 (1992).

■ The FOP contends that the trial court acted beyond this limited scope of review by

concluding that the arbitrator exceeded his power in construing the words "while working" in the Agreement as not limiting the recipients of night differential pay to those officers who actually worked night shifts. The Court agrees, for in its decision the trial court merely disagreed with the arbitrator's interpretation of the Agreement. In *City of Erie*, this Court rejected an argument by the FOP that is similar to the trial court's reasoning in the present case:

> Although the FOP's argument is couched in terms of 'excess of arbitration powers,' its argument is, in reality, no more than an assertion that the arbitrator erred in construing the phrase 'actually works' in the Agreement, thereby rendering an unreasonable decision. However, as we have already stated, we are precluded from reviewing the reasonableness of an Act 111 arbitration award. While a review of an arbitrator's interpretation of a collective bargaining agreement would have been proper under the 'essence test,' the Supreme Court has specifically confirmed that the 'essence test' may not be applied in these cases. *Betancourt.* Accordingly, FOP's argument is unpersuasive.

*Id.*, 668 A.2d at 241. For the same reasons, the Court concludes that the trial court acted beyond its scope of review in determining that the arbitrator misinterpreted "while working" in his decision.[2]

■ Additionally, the record shows that the arbitrator did not exceed his authority. The arbitration award concerned only the terms and conditions of employment. The arbitrator determined only that an officer's full rate of salary under the collective bargaining agreement included night differential pay if the officer was regularly scheduled to work during night shifts and would do so if healthy. The arbitrator did not supply previously non-existent provisions to the agreement, as the trial court held, but rather interpreted the contractual phrase "while working" as referring only to the shifts for which the differential was to be paid. The arbitrator properly limited his analysis to the question presented by the parties and correctly focused on the terms of the Agreement in making his determination. Finally, nothing in the record suggests that it is illegal to include night differential pay in an officer's full rate of salary. Accordingly, the Court shall reverse the trial court's order, and the arbitrator's award shall be reinstated.

*ORDER*

AND NOW, this 3rd day of September, 1998, the order of the Court of Common Pleas of Delaware County is reversed, and the arbitrator's award is reinstated.

---

2. The trial court's reliance on *Midland Borough School Dist.* is misplaced because that case did not involve the Court's application of the narrow certiorari scope of review. Moreover, even if, as the trial court reasoned, the arbitrator committed an error of law under *Liston* and *Schmidt* by including the night differential in the officer's "full rate of salary," reversal would not be warranted. *City of Philadelphia.*