**BENSALEM TOWNSHIP, Appellant,**

v.

**BENSALEM TOWNSHIP POLICE BENEVOLENT ASSOCIATION, INC.**

Commonwealth Court of Pennsylvania.

Argued June 10, 2002.

Decided July 3, 2002.

Neil A. Morris, Philadelphia, for appellant.

Travis J. Thompson, Richboro, for appellee.

Before COLINS, President Judge, PELLEGRINI, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge PELLEGRINI.

At issue in this case is what can be done when an arbitrator, in an Act 111 [1] arbitration, awards a remedy expressly prohibited by the collective bargaining agreement (CBA). The answer is not much.

This case began on March 30, 1999, when Bensalem Township (Township) discharged Patrolman Charles J. Maddocks (Patrolman Maddocks), a Township police officer, for an alleged violation of the Township's Police Department Code of Conduct that arose from Patrolman Maddocks seeking a district justice nomination in the May 1999 primary election.[2] Chal-

---

1. Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1–217.10. Act 111 gives police and fire personnel employed by the Commonwealth or its political subdivisions the right to bargain collectively over "terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions, and other benefits." The Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301, commonly referred to as Act 195, gives other public employees the right to bargain collectively over terms and conditions of employment.

2. In its March 30, 1999 letter dismissing Patrolman Maddocks, the Township cited violations of the Bensalem Township Police Department Policy and Operations Manual, Code of Conduct, and Administrative Procedural Directives; the Bensalem Township General Rules; and the Police Tenure Act, Act of June 15, 1951, P.L. 586, *as amended*, 53 P.S. §§ 811–16. Specifically, it charged Patrolman Maddocks with violations of the Administrative Procedural Directive 1–09, including: Section 5.04—Circulating a petition or statement for the candidacy of anyone for public office; Section 5.30—Take any active part in a regular or primary election, except to vote herein; Section 4.06—Failure to com-

lenging the Township's termination of Patrolman Maddocks and requesting reinstatement, the Bensalem Township Police Benevolent Association, Inc. (Association), on May 25, 1999, filed for relief pursuant to the CBA's grievance procedure. Article 23 of the CBA provides the grievance procedure to be followed in the event of a dispute between a police employee and the Township with regard to the terms and conditions of employment. Section D(3) of Article 23 provides "[t]he arbitrator shall be limited in establishing or awarding a remedy or relief for any grievance filed under this agreement that allows monetary relief, including, but not limited to backpay, to a term of not more than one (1) year."

On June 21, 1999, the Association requested that Patrolman Maddocks' grievance be submitted to binding arbitration and Arbitrator Richard R. Kasher (Arbitrator Kasher) was selected as the arbitrator and, after repeated delays, a hearing was held.[3] After hearing testimony, Arbitrator Kasher found that because the Township failed to comply with the structured or progressive disciplinary schedules set out in the rules that Patrolman

Maddocks allegedly violated, the charges brought against Patrolman Maddocks were premature and the Township failed to put Patrolman Maddocks on notice that he would be terminated for his continued political activity, Patrolman Maddocks was not terminated for just cause. Based on those findings, on January 7, 2001, Arbitrator Kasher sustained Patrolman Maddocks' grievance and issued an award directing the Township to reinstate Patrolman Maddocks with seniority unimpaired, to expunge his record of the discipline imposed, and, ignoring the contract provision that limits backpay awards to one year, ordered the Township to pay him all backpay which totaled approximately 21 months.

Alleging that Arbitrator Kasher acted outside of his jurisdiction in awarding Patrolman Maddocks lost wages and benefits for a term of 21 months when the CBA limited monetary relief to a term of not more than one year, the Township filed a Petition for Review in the Nature of an Application to Modify Award of Arbitrator with the Court of Common Pleas of Bucks County (trial court) on February 1, 2001. Finding that Arbitrator Kasher's award

---

ply with any department order, directive, regulation, etc. whether oral or written; Section 5.01—Soliciting money or any valuable thing without proper authorization; and Section 1.11—Repeated violations of the Departmental Code of Conduct or any other course of conduct indicating that a member has little or no regard for the responsibility as a member of the Bensalem Township Police Department. It also charged Patrolman Maddocks with violations of Sections II(1) (relating to conduct) and (26) (relating to willful insubordination) of the Bensalem Township General Rules. Finally, the Township charged Patrolman Maddocks with violations of Section 2(2) and (4) of the Police Tenure Act, 53 P.S. § 812, relating to neglect or violation of official duties and inefficiency, neglect, intemperance, disobedience of orders or conduct unbecoming an officer.

3. The hearings were originally scheduled for October 12 and 13, 1999; however, at the request of Arbitrator Kasher and with the parties' consent, the hearings were rescheduled for January 12 and 13, 2000. Subsequently, the hearings were again rescheduled at the request of Arbitrator Kasher for April 4 and 5, 2000. However, because the Township's main witness was not available between April 2, 2000 and June 16, 2000, the hearings were again rescheduled for June 27 and 28, 2000. After a half-day of hearings on June 27, 2000, the parties reached a tentative settlement agreement and took leave to finalize the settlement. After extensive negotiations, however, the parties were unable to reach a settlement and requested that the hearings be rescheduled. The hearings were held on September 6 and 7, 2000.

neither mandated an illegal act nor required the Township to do that which it could not do voluntarily, and that Arbitrator Kasher interpreted the terms of the CBA in sustaining the grievance, the trial court denied the Township's request to modify the award and affirmed Arbitrator Kasher's award. This appeal followed.

As before the trial court, the Township contends that portion of the arbitrator's award should be vacated because he ordered a remedy in direct contravention to the terms of the CBA. In making this contention, it recognizes that our scope of review of Act 111 interest arbitration cases is a narrow one, allowing us to reverse an arbitrator's decision only if (1) it was outside the jurisdiction of the arbitrator; (2) the proceedings were irregular; (3) it was in excess of the arbitrator's powers; or (4) there was a deprivation of constitutional rights. *Pennsylvania State Police v. Pennsylvania State Troopers' Association (Betancourt)*, 540 Pa. 66, 656 A.2d 83 (1995). Because the CBA expressly provided that an arbitrator was limited in awarding a remedy for backpay "to a term of not more than one (1) year," the Township argues that in awarding backpay for a period of approximately 21 months, Arbitrator Kasher acted outside of his jurisdiction and/or exceeded his authority.

As to whether Arbitrator Kasher acted in excess of his authority, under the narrow certiorari standard, an arbitrator acts in excess of his or her authority when the arbitrator mandates that an illegal act be carried out, he or she may only require a public employer to do that which it could

do voluntarily. *City of Philadelphia v. Fraternal Order of Police Lodge No. 5 (Two Cases)*, 717 A.2d 609 (Pa.Cmwlth. 1998). In this case, even though Arbitrator Kasher required the Township to pay Patrolman Maddocks 21 months of backpay when the contract only allows him to award 12 months backpay, because that award does not require the Township to perform an illegal act or require the Township to perform an act which it could not do voluntarily, we cannot say, unfortunately, that Arbitrator Kasher exceeded his authority.

As to whether Arbitrator Kasher acted outside his jurisdiction in awarding Patrolman Maddocks lost wages and benefits equaling approximately 21 months when the contract limits the backpay awards to one year, while we have never squarely addressed this question, we have indicated that under this standard, arbitrators exceed their jurisdiction when they address questions not submitted to them by the parties. *Municipality of Monroeville v. Monroeville Police Department, Wage Policy Committee*, 767 A.2d 596 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 566 Pa. 672, 782 A.2d 551 (2001); *City of Philadelphia v. Fraternal Order of Police Lodge No. 5 (Two Cases)*, 717 A.2d 609 (Pa.Cmwlth.1998); *Marple Township v. Delaware County Fraternal Order of Police, Lodge 27*, 660 A.2d 211 (Pa. Cmwlth.1995). If we were to hold, as the Township suggests, every time an arbitrator's decision was not in accord with the collective bargaining agreement that it would be no different than applying the essence test,[4] the test applied to all other

4. Under the essence test, the court makes an initial determination as to whether the issue is embraced by the agreement giving the arbitrator the authority to hear the matter. If so, the award is upheld if it can be rationally derived from the agreement, allowing reversal only where the award is indisputably without

foundation in or fails to logically flow from the agreement. The essence test requires a determination of whether the agreement encompasses the subject matter of the dispute. *State System of Higher Education (Cheyney University) v. State College of University Professional Association*, 560 Pa. 135, 743 A.2d

public and private grievance arbitration awards in Pennsylvania except those grievance arbitration awards in an Act 111 bargaining unit.

Because the jurisdiction of an arbitrator goes to his or her power to decide an issue in dispute rather than his or her fashioning of an award, we need only decide if Arbitrator Kasher had jurisdiction to address the issue in dispute. In this case, the issue in dispute submitted to Arbitrator Kasher was whether just cause existed to terminate Patrolman Maddocks, and because neither party alleges that Arbitrator Kasher did not have jurisdiction to determine that issue, we cannot, unfortunately, say that he acted outside of his jurisdiction.

Accordingly, only because we are compelled to do so, we affirm the arbitrator's award.

## ORDER

AND NOW, this *3rd* day of *July*, 2002, the order of the Court of Common Pleas of Bucks County, No. 01–00803–13–6, dated September 13, 2001, is affirmed.

405 (1999); *Leechburg Area School District v.*     *Dale,* 492 Pa. 515, 424 A.2d 1309 (1981).